**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____
KNOWLEDGE O'KEITH COUSER,
                Plaintiff,

v.

**DECISION & ORDER**
18-cv-6062-EAW-JWF

SERGEANT KOBERLE, et al.,
                Defendants.
_____

Pro se plaintiff Knowledge O'Keith Couser ("plaintiff" or "Couser") commenced this action on January 19, 2018, seeking relief pursuant to 42 U.S.C. § 1983. Couser amended his complaint on December 3, 2018, alleging that, during his confinement at the Wayne County Correctional Facility, defendants used excessive force, denied him medical care, and falsely arrested him, all in violation of his constitutional rights. Docket # 17. Currently before the Court is plaintiff's motion to appoint counsel (Docket # 9), filed on October 5, 2018. Plaintiff filed a supplemental request for counsel on October 31, 2018. Docket # 14.

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the

1

factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877

F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel. Indeed, even though plaintiff indicated that he believed his incarceration and difficulty understanding the proceedings would impair his ability to represent himself, he has, so far, successfully done so in this case before this Court.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2

(S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Balancing the factors set forth in Cooper, the Court finds that appointing counsel is inappropriate at this time.

## Conclusion

For the reasons set forth above, Plaintiff's motion to appoint counsel (Docket # 9) and his supplemental request for counsel (Docket # 14) are **denied without prejudice**. The Court will provide plaintiff with a copy of the Western District of New York Pro Se Guidelines for his reference.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 14, 2019
Rochester, New York